UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RACHAEL SCHMEES<br>    f/k/a RACHAEL BLACK,<br><br>              Plaintiff,<br><br>        v.<br><br>HC1.COM, INC.,<br><br>              Defendant. | No. 1:18-cv-03606-JPH-DLP |

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

Rachael Schmees alleges that her former employer, hc1.com, Inc., recruited her with assurances of the company's financial security and her career success, only to end her employment after one week by eliminating her position. She brings claims of fraud, fraudulent inducement, promissory estoppel, and intentional infliction of emotional distress. hc1 has filed a motion to dismiss these claims. Dkt. [30]. For the reasons that follow, that motion is **GRANTED in part and DENIED in part**. Ms. Schmees's claims for promissory estoppel and intentional infliction of emotional distress are **DISMISSED** but her other claims will proceed.

I.
**Facts and Background**

Because hc1 has moved for dismissal under Rule 12(b)(6), the Court accepts and recites "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

1

In the fall of 2017, hc1 recruited Ms. Schmees to be a National Account Manager. Dkt. 24 at 2. hc1 assured her that the company was financially secure and dedicated to its employees' success, telling her that its "current investors elected to expand their capital investments," that it "had closed a round of funding 'in excess of many millions of dollars,'" and that its "sales team was on target to meet aggressive fourth quarter quota expectations." *Id.* at 2–5.

After hc1 made an employment offer, Ms. Schmees's then-employer, Tiger Text, attempted to retain her by offering increased compensation and benefits. *Id.* at 4–5. After more negotiation and discussion, Ms. Schmees accepted hc1's job offer. *Id.* at 5.

Ms. Schmees started working at hc1 on December 11, 2017. *Id.* at 6. One week later, hc1 told her that her position was being eliminated. *Id.* hc1 knew as early as December 8, 2017, that the position was in peril but did not tell Ms. Schmees. *Id.* Ms. Schmees could not return to her previous job. *Id.*

Ms. Schmees's amended complaint brings four claims against hc1: (1) fraud, (2) fraudulent inducement, (3) promissory estoppel, and (4) intentional infliction of emotional distress. Dkt. 24. hc1 has moved to dismiss these claims, dkt. 30, and Ms. Schmees has moved for leave to file a second amended complaint, dkt. 41.

## II.
## Applicable Law

Defendants may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Under that standard, a plaintiff must provide "some specific facts" that "raise a right to relief above the speculative level." *McCauley*, 671 F.3d at 616 (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). "The degree of specificity required is not easily quantified, but 'the plaintiff must give enough details about the subject-matter of the case to present a story that holds together.'" *Id.* (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)). Applying the procedural pleading requirements to the applicable substantive law is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

When ruling on a 12(b)(6) motion, the Court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim." *Id.* Indiana

substantive law governs this case. *See Webber v. Butner*, 923 F.3d 479, 480–81 (7th Cir. 2019).

## III.
## Analysis

hc1 has moved to dismiss all of Ms. Schmees's claims. The Court addresses each in turn, applying Indiana law by doing its "best to predict how the Indiana Supreme Court would decide" the issues. *Webber*, 923 F.3d at 482.

### A. Fraud

Fraud requires a material misrepresentation of past or existing facts that is false and was made with knowledge or reckless ignorance of its falsity, and that was relied on to the detriment of the complaining party. *First Nat'l Bank v. Acra*, 462 N.E.2d 1345, 1348 (Ind. Ct. App. 1984). Fraud must be pleaded with "particularity," meaning that the plaintiff "ordinarily must describe the 'who, what, when, where, and how' of the fraud." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 441–42 (7th Cir. 2011) (citing Fed. R. Civ. P. 9(b)). Expressions of opinion cannot support a fraud claim; a misrepresentation of material fact is required. *Am. United Life Ins. v. Douglas*, 808 N.E.2d 690, 703 (Ind. Ct. App. 2004).

hc1 argues that the statements identified by Ms. Schmees were merely opinion or about future conduct and thus cannot support a fraud claim. Dkt. 30 at 5–8. It also argues that Ms. Schmees had no right to rely on the statements. *Id.* at 8–9. Ms. Schmees contends that she has alleged

4

misrepresentations of material fact about, among other things, hc1's financial condition. Dkt. 34 at 3–7.

These alleged misrepresentations include that (1) its "current investors elected to expand their capital investments," (2) it "had closed a round of funding 'in excess of many millions of dollars,'" and (3) its "sales team was on target to meet aggressive fourth quarter quota expectations." Dkt. 24 at 2, 4, 10.[1] These are not statements about the future, but statements of fact about the present or recent past. *See Captain & Co. v. Stenberg*, 505 N.E.2d 88, 96 (Ind. Ct. App. 1987) (holding that statements about the economic feasibility of rebuilding a house can be statements of past or existing fact); *Douglas*, 808 N.E.2d at 703. These statements are also not vague or qualified "seller's 'puff'" or "trade talk" that is mere opinion. *Whiteco Props., Inc. v. Thielbar*, 467 N.E.2d 433, 437 (Ind. Ct. App. 1984). Instead, they are "objective statement[s] of fact, not subject to qualification." *Id.*

hc1 is correct that not all the statements Ms. Schmees relies on can support her fraud claim. For example, the statement that the position would be a "total layup with virtually no professional risk but limitless upside potential," dkt. 24 at 4, "must be interpreted" as a promise of future performance or as opinion, *Stenberg*, 505 N.E.2d at 96. But enough of hc1's alleged statements are fairly read to allege material misrepresentation of past or existing facts to support a plausible fraud claim. *See id.*

---

[1] At this stage, at least, hc1 does not argue that these statements were true. Dkt. 30 at 2 n.1, 5–10; dkt. 35 at 1–6.

5

hc1 next argues that Ms. Schmees's fraud claim fails because she had no "right to rely on any subsequent statements suggesting that her employment was assured to last longer than the week it did." Dkt. 30 at 9. Ms. Schmees responds that hc1 misrepresented details about its funding and sales that were specifically within hc1's knowledge. Dkt. 34 at 6–7.

The right of reliance is designed to protect those without access to information "from the wiles and stratagems of the artful and cunning." *Plymale v. Upright*, 419 N.E.2d 756, 762 (Ind. Ct. App. 1981). Accordingly, when parties are on equal footing, a person must rely on "common sense and judgment" to discern the truth. *Id.* at 761–62. But when the party making the promises has greater knowledge or expertise, the other party has the right to rely on those statements. *Ehle v. Ehle*, 737 N.E.2d 429, 435–36 (Ind. Ct. App. 2000); *Scott v. Bodor, Inc.*, 571 N.E.2d 313, 322 (Ind. Ct. App. 1991).

That is the case here. Ms. Schmees was not privy to the details of hc1's funding and sales. So when company executives made specific representations about those things, it was reasonable for her to accept and rely on them. *See Parke County v. Ropak, Inc.*, 526 N.E.2d 732, 737 (Ind. Ct. App. 1988) ("A person has a right to rely upon representations where the exercise of reasonable prudence does not dictate otherwise.").

Relying on *Baberstine v. New York Blower Co.*, 625 N.E.2d 1308 (Ind. Ct. App. 1993), hc1 argues that Ms. Schmees had no right to rely on these statements about hc1's funding and sales because hc1's letter offering her a job made clear she was being offered at-will employment. Dkt. 35 at 4–5. In

6

*Baberstine*, however, the alleged misrepresentations "were in direct contravention of the express terms" of an agreement that the plaintiff signed. 625 N.E.2d at 1316. Here, nothing in Ms. Schmees's offer letter contradicted hc1's statements about its funding and sales, so the letter did not give her the opportunity to learn the truth. *See* dkt. 30-1; *Plymale*, 419 N.E.2d at 761–62. Moreover, Ms. Schmees has alleged that her employment with hc1 was the result of fraud. An at-will employment agreement that exists only because of fraud cannot be used to exculpate the employer from that fraud. *See Dawson v. Hummer*, 649 N.E.2d 653, 660 (Ind. Ct. App. 1995) (explaining that exculpatory clauses are not enforceable when they result from fraud); *Prall v. Ind. Nat'l Bank*, 627 N.E.2d 1374, 1378 (Ind. Ct. App. 1994) (noting "the general principle that fraud vitiates all contracts"). hc1 therefore has not shown at this stage that Ms. Schmees had no right of reliance.

hc1's motion to dismiss Ms. Schmees's fraud claim is denied.

**B. Fraudulent Inducement**

The parties argue that fraudulent inducement is the same as fraud, except that it also requires showing intent to deceive.[2] Dkt. 30 at 10; dkt. 34 at 3 (both citing *Tru-Cal, Inc. v. Conrad Kacsik Instr. Sys., Inc.*, 905 N.E.2d 40, 44–45 (Ind. Ct. App. 2009)). In its motion to dismiss, hc1 argues that Ms. Schmees's fraudulent inducement claim should be dismissed because of the

---

[2] Fraudulent inducement "occurs when a party is induced through fraudulent inducement to enter into a contract." *Tru-Cal*, 905 N.E.2d at 44 n.6. Some cases list "intent to deceive" as an element of fraud—not just of fraudulent inducement. *E.g. Wright v. Pennamped*, 657 N.E.2d 1223, 1230 (Ind. Ct. App. 1995). At this stage, the Court addresses only the parties' arguments on this claim.

7

"same deficiencies plaguing" her fraud claim. Dkt. 30 at 10. Since the fraud claim proceeds, hc1's motion to dismiss the fraudulent inducement claim is denied.

**C. Promissory Estoppel**

The elements of promissory estoppel are: "(1) a promise by the promisor; (2) made with the expectation that the promisee will rely thereon; (3) which induces reasonable reliance by the promisee; (4) of a definite and substantial nature; and (5) injustice can be avoided only by enforcement of the promise." *Brown v. Branch*, 758 N.E.2d 48, 52 (Ind. 2001). hc1 argues, among other things, that Ms. Schmees cannot show reasonable reliance because her employment was at-will. Dkt. 30 at 13. Ms. Schmees admits that she was an at-will employee who was not promised a definite term of employment, but argues that she nonetheless was entitled to rely on hc1's promise that her position would continue to be viable. Dkt. 34 at 5, 7, 10.

Under Indiana's at-will employment doctrine, employment "of indefinite duration is presumptively terminable at the will of either party." *Jarboe v. Landmark Comm. Newspapers of Ind.*, 644 N.E.2d 118, 121 (Ind. 1994). Because of that rule, plaintiffs claiming promissory estoppel may not recover "expectation damages"—such as future wages—for lost at-will employment. *Id.* at 122 (quoting *D&G Stout, Inc. v. Bacardi Imports, Inc.*, 923 F.2d 566, 569 (7th Cir. 1991)). Only reliance damages—such as wages forgone to prepare to move and moving expenses—are recoverable. *Id.*

In *Jarboe*, for example, a plaintiff who needed surgery was promised that his job would be waiting for him after rehabilitation. *Id.* His employer broke the promise, and the plaintiff alleged promissory estoppel. *Id.* The Indiana Supreme Court held that his at-will employment could not be restored and that he could not recover lost wages from after his medical release to return to work. *Id.* Under that holding, Ms. Schmees cannot recover expectancy damages from after she started her employment with hc1. That's true even if, as she argues, she was promised that her position would remain viable— holding otherwise would undermine Indiana's at-will employment doctrine. *See id.*; *McCalument v. Eli Lilly & Co.*, 860 N.E.2d 884, 896 (Ind. Ct. App. 2007).

Nor can Ms. Schmees recover reliance damages, because she received what she was promised—the job at hc1 for an indefinite period. When a job offer is rescinded, promissory estoppel allows the recovery of wages forgone to prepare to move and moving expenses. *Id.*; *Pepsi-Cola General Bottlers, Inc. v. Woods*, 440 N.E.2d 696, 699 (Ind. Ct. App. 1982). Here though, the job offer was not rescinded—Ms. Schmees began work in her position. Dkt. 24 at 5. As explained in *Jarboe*, Indiana's at-will employment doctrine does not allow Ms. Schmees to rely on anything more than that. 644 N.E.2d at 121–22; *see McCalument*, 860 N.E.2d at 896; *Remmers v. Remington Hotel Corp.*, 56 F. Supp. 2d 1046, 1056 (S.D. Ind. 1999) (finding that an at-will employee who was terminated after four months was not promised "anything more than what he received—employment of an indefinite period.").

Ms. Schmees argues that this result "would defeat the entire possibility of promissory estoppel for an at-will employee, which Indiana courts have consistently held is an available remedy." Dkt. 34 at 10. But the cases that Ms. Schmees relies on involve a different application of promissory estoppel, in which promissory estoppel is an exception to the presumption of at-will employment. *See Orr v. Westminster Village North*, 689 N.E.2d 712, 718–19 (Ind. 1997); *Mart v. Forest River*, 854 F. Supp. 2d 577, 597 (N.D. Ind. 2012). That application does not apply here because Ms. Schmees admits that she was an at-will employee. *See* dkt. 34 at 5, 7, 10. When—as here—there is no exception to the at-will employment presumption, Indiana law does not allow promissory estoppel claims because "[i]f loss of employment was sufficient for promissory estoppel, every terminated employee would have a claim." *Cmty. Found. of Nw. Ind. v. Miranda*, 120 N.E.3d 1090, 1102 (Ind. Ct. App. 2019).

At times, hc1 appears to equate the reliance element of promissory estoppel with the right-to-rely element of fraud, *see, e.g.*, dkt. 30 at 13, but they are different. Fraud is premised on a misrepresentation of past or existing fact while promissory estoppel is based on a promise of future action. *Compare Acra*, 462 N.E.2d at 1348 (fraud) *with Brown*, 758 N.E.2d at 52 (promissory estoppel). Fraud therefore focuses on the decision *whether to enter* an at-will employment relationship and promissory estoppel focuses on *how long or in what manner* that relationship will be maintained. *See Jarboe*, 644 N.E.2d at 122 nn.1, 2. That's why, as *Jarboe* explained, promissory estoppel implicates Indiana's at-will employment doctrine in ways that fraud does not. *See id.* So

in some cases—like this one—the same allegations can support a right of reliance for fraud but not reliance for promissory estoppel.  *See id.*

Ms. Schmees was an at-will employee, and Indiana does not allow promissory estoppel claims to circumvent its at-will employment doctrine.  Therefore, Ms. Schmees could not reasonably rely on promises about the viability of her employment or the security of the position she accepted.  hc1's motion to dismiss her promissory estoppel claim is granted.

### D. Intentional Infliction of Emotional Distress

A defendant commits intentional infliction of emotional distress when it "(1) engages in 'extreme and outrageous' conduct that (2) intentionally or recklessly (3) causes (4) severe emotional distress to another."  *Bradley v. Hall*, 720 N.E.2d 747, 752 (Ind. Ct. App. 1999) (quoting *Doe v. Methodist Hosp.*, 690 N.E.2d 681, 691 (Ind. 1997)).  hc1 argues that a termination of employment generally is not outrageous, and that its recruitment and termination of Ms. Schmees is no exception because her offer letter and employment agreement notified her that she could be terminated at any time.  Dkt. 30 at 16; dkt. 35 at 9–10.  Ms. Schmees contends that hc1 acted outrageously when it recruited her and promised that the move would be a great step for her career, then terminated her by email one week after she started.  Dkt. 34 at 14.

Intentional infliction of emotional distress claims are rarely successful in employment cases.  *See Hall v. Mem. Hosp. of S. Bend*, No. 3:15 CV 183, 2016 WL 1043670 at *3 (N.D. Ind. Mar. 16, 2016).  A plaintiff generally cannot prevail when her termination is after an investigation of wrongdoing, *see*

11

*Powdertech, Inc. v. Joganic*, 776 N.E.2d 1251, 1264 (Ind. Ct. App. 2002), or when the employer believed that she was not meeting its standards, *see Tracy v. Fin. Ins. Mngt. Corp.*, 458 F. Supp. 2d. 734, 747–48 (S.D. Ind. 2006). Indeed, "[l]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Bradley*, 720 N.E.2d at 753 (quoting Restatment (Second) of Torts § 46(d)).

*Bradley* is one of the few reported Indiana cases discussing a claim for intentional infliction of emotional distress in the employment context. There, the plaintiff's supervisor, Carmen Hall, "harassed her, shouted at her and criticized her in front of other employees," "inquired about [her] menopause," and asked if Bradley's husband was sexually impotent due to his diabetes. *Id.* at 749. Hall also told Bradley that her supervisory position might be eliminated. *Id.* The court found a triable issue of fact on Bradley's intentional infliction of emotional distress claim, citing Hall's comments about Bradley's "personal and private topics" and that "Hall may have misled Bradley about her job security." *Id.* at 753. Because "Hall's conduct may have been condescending, intrusive and offensive," the court found that "[r]easonable persons may differ on the questions of whether Hall's conduct was extreme and outrageous." *Id.*

Here, the allegations are fundamentally different than the allegations in *Bradley* and do not state a claim for intentional infliction of emotional distress.

Bradley alleged that her boss harassed and yelled at her, criticized her in front of her coworkers, and asked her about the most intimate and private details of her personal life. By contrast, Ms. Schmees alleges that she was lured into accepting a job in a new city for a position that her new employer knew was likely to be quickly eliminated. Dkt. 24 at 6–9. In this Indiana-law case, the Court's role is "to predict how the Indiana Supreme Court would decide" this issue on the same facts. *Webber*, 923 F.3d at 482. It is not the place of a federal court "to expand the tort of intentional infliction of emotional distress further than the Indiana courts have already done." *McCreary v. Libbey-Owens-Ford Co.*, 132 F.3d 1159, 1167 (7th Cir. 1997). And the Indiana Supreme Court has limited the tort to cases involving "extreme and outrageous conduct." *Id.* (quoting *Cullison v. Medley*, 570 N.E.2d 27, 31 (1991). Ms. Schmees cites no authority giving the Court any reason to believe that the Indiana Supreme Court would expand the tort of intentional infliction of emotional distress to encompass the facts alleged here.

## IV.
## Conclusion

hc1's motion to dismiss, dkt. [30], is **GRANTED in part and DENIED in part**. Ms. Schmees's promissory estoppel and intentional infliction of emotional distress claims are **DISMISSED**; the motion to dismiss is otherwise **DENIED**.

Ms. Schmees's motion for leave to file a second amended complaint is **DENIED as moot**. Dkt. [41]. The complaint may be amended "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Any leave to amend must be sought by **March 13, 2020**. *See generally id.*;

S.D. Ind. L.R. 15-1.

**SO ORDERED.**

Date: 2/12/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

A. Richard M. Blaiklock
LEWIS WAGNER, LLP
rblaiklock@lewiswagner.com

Thomas E. Deer
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C. (Chicago)
thomas.deer@ogletree.com

Aaron D. Grant
LEWIS WAGNER LLP
agrant@lewiswagner.com

Michael Dean Heavilon
LEWIS WAGNER LLP
mheavilon@lewiswagner.com

Carol A. Poplawski
OGLETREE DEAKINS NASH SMOAK & STEWART, PC
Carol.Poplawski@ogletree.com

Charles R. Whybrew
LEWIS WAGNER LLP
cwhybrew@lewiswagner.com